### (June 24, 1974)

SYLVIA M. ABUALY, Respondent, v. STANLEY S. ABUALY, Appellant. — Appeals by defendant from (1) a judgment of the Supreme Court, Suffolk County, entered December 1, 1972, which granted plaintiff a divorce on the ground of cruel and inhuman treatment, and, in addition, awarded plaintiff custody of the three minor children of the marriage, alimony and child sup-

port, exclusive possession of the marital residence, and a counsel fee, and (2) two orders of the same court, (a) one entered July 20, 1973, which adjudged defendant in contempt for failure to make alimony and child support payments under the judgment and denied a cross motion by defendant to reduce the amount of said payments and direct the sale of the marital residence and division of the proceeds, and (b) the second, dated February 1, 1974, which directed that defendant be committed to jail for failure to comply with said order of July 20, 1973 finding him in contempt. Judgment affirmed. No opinion. Orders affirmed. Respondent is awarded one bill of costs, with disbursements on all the appeals. Defendant's main argument concerning the finding of contempt is that Special Term erred in not first requiring sequestration of his assets and/or interests in property. We note that the applicable statute in this case is section 245 of the Domestic Relations Law, not section 233 as cited by Special Term. The former provides, in part, that when the husband, in an action for divorce, makes default in paying any sum of money as required by the judgment directing the payment "and it appears presumptively, to the satisfaction of the court, that payment cannot be enforced by means of the sequestration of his property * * * the court, in its discretion, may make an order requiring the husband to show * * * why he should not be punished for his failure to make the payment". Before a contempt order may issue, there must be a showing in the record that the court is presumptively satisfied that sequestration would be ineffective (*Johanny* v. *Johanny,* 41 A D 2d 568; *Bernard* v. *Bernard,* 41 A D 2d 735). The record indicates that defendant's nominal assets included a small savings account owned jointly with his mother and some stock owned jointly with his sister. Neither asset, apparently, was generated by defendant but was held in joint ownership for convenience. There was, however, the marital residence owned before the divorce by plaintiff and defendant as tenants by the entirety and thereafter as tenants in common. Such an interest in property generally may be subject to sequestration (see, e.g., *Haslett* v. *Haslett,* 25 A D 2d 256; 19 Carmody Wait 2d, New York Practice, § 118.130, p. 456). In this case sequestration is not a proper remedy. The practical effect, assuming a sale to a third party, could be the further disruption of the lives of the three infant children. The Matrimonial Part has awarded custody of the children to their mother and granted her exclusive possession of the marital residence. Thus, the tenancy in common is burdened by equitable considerations sufficient to defeat an action to compel partition (*Ripp* v. *Ripp,* 38 A D 2d 65, affd. 32 N Y 2d 755). Those equitable considerations, until modified or relieved by the Matrimonial Part of the court, must also render sequestration ineffective (see, also, *Stewart* v. *Stewart,* 208 Misc. 795, 799–800). Consequently, the finding by Special Term "that the property of defendant amenable to sequestration is insufficient to satisfy the aforesaid arrears" is fully supported by the record. The record, moreover, clearly demonstrates defendant's continued disobedience of the court's orders. His annual salary is in excess of $19,000, yet he refuses to pay $140 per week in alimony and support for his three children. This court, pending appeal, granted him a stay of execution of the warrant of commitment on condition that he pay $500 on account of back alimony and support, yet he failed to make the payment. The orders finding him in contempt and committing him to jail should be affirmed. Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.